**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JOSUE PADILLA POSADAS,<br><br>Petitioner,<br><br>v.<br><br>DAVID T. WESLING, et al.<br><br>Respondents. | ) | Case No. 1:26-cv-10907-NMG |

**PETITIONER'S APPLICATION FOR FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and pursuant to the Court's order dated February 26, 2025 (ECF No. 7), Petitioner Josue Padillas Posadas ("Petitioner") respectfully requests that the Court award him attorney's fees and litigation costs for prosecution of the above-captioned petition.

## I. INTRODUCTION

Petitioner filed the above-captioned Petition for a Writ of Habeas Corpus after he was detained by Immigration and Customs Enforcement ("ICE") on approximately February 3, 2026. Petitioner entered the United States without inspection and was detained pursuant to ICE's discretionary detention authority under 8 U.S.C. §1226(a). Further, ICE placed Petitioner in custody without a bond hearing in violation of his rights to due process.

Petitioner prevailed on his petition against Respondents (hereafter, the "government" or "Respondents"). The Court thereafter granted the Petition and ordered Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than March 4, 2026. ECF No. 7. Only because Petitioner filed the above petition for a writ of habeas corpus did Petitioner

obtain a bond hearing at which he was ordered released by an Immigration Judge upon the payment of bond.

Since Petitioner has prevailed in his Petition against Respondents, he is entitled to an award of his fees and costs in the face of government conduct that plainly lacks substantial justification and where there are no special circumstances that would make the award unjust. He asks that the Court grant his application and enter an order assessing against Respondents $1,929.83 in attorney's fees and $104.98 in costs.

## II. ARGUMENT

In order to seek an award of attorneys' fees under EAJA, the Petitioner must prove that (1) he is the prevailing party in the civil action; (2) the petition was timely filed; (3) the government's position was not substantially justified; and (4) no special circumstances make the award unjust. *Castaneda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013). Because this Petition is filed within 90 days of the May 18, 2026 final judgment in compliance with 28 U.S.C. § 2412(d)(1)(B) and this Court has found an award of EAJA fees appropriate in immigration habeas petitions, Petitioner respectfully requests that this application be granted. *See Guevara Peruano v. Wesling*, No. 1:26-CV-10300-LTS, --- F. Supp.3d ---, 2026 WL 1413758 (D. Mass. May 20, 2026).

### A. Petitioner Is Eligible For An Award Of Fees And Costs

#### 1. Petitioner is the prevailing party

To qualify as a "prevailing party" for purposes of EAJA, there must be "(1) a material alteration of the legal relationship of the parties; and (2) a judicial imprimatur on the change." *See Oscar v. Gillen*, 595 F. Supp.2d 166, 169 (D. Mass. 2009); *see also Castaneda-Castillo*, 723 F.3d at 57 (noting within fee-shifting statutes prevailing party is legal term of art) (*quoting Buchannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603

(2001)). A party who successfully petitions for a writ of habeas corpus is a "prevailing party." *See Oscar v. Gillen*, 595 F. Supp.2d 166, 169 (D. Mass. 2009); *Geegbae v. McDonald*, 2011 WL 841237, at *1 (D. Mass. Mar. 8, 2011); *see also Tang v. Chertoff*, 689 F. Supp.2d 206, 211 (D. Mass. 2010) ("[i]n immigration cases, the EAJA's purpose of alleviating the burden on individuals forced to incur the costs of litigation to challenge unreasonable government actions has particular resonance. The plaintiffs in such cases are often quite poor, and the stakes are high"). This Court has reached the same conclusion in similar cases. *See e.g.*, *Canel Ajbal v. Wesling*, No. 1:26-cv-10190-LTS, at *6 (D. Mass. March 27, 2026).

Under this standard, Petitioner is unquestionably a prevailing party within the meaning of EAJA because he successfully petitioned for a writ of habeas corpus. Petitioner filed his Petition after being taken into custody by Respondents and deprived of his freedom. After the Court granted the Petition, finding Petitioner was being held without a bond hearing in violation of his rights to due process, Petitioner had a bond hearing. On October 27, 2025, an Immigration Judge ordered Petitioner released upon a payment of a $3,000 bond. ECF No. 8. As the prevailing party, which Respondents cannot contest, Petitioner is eligible for an EAJA award.[1]

**2. EAJA applies to the Petition and waives sovereign immunity**

Immigration habeas petitions are "civil actions," and thus EAJA's waiver of sovereign immunity does not apply to their actions here. *See Perez Pina v. Stamper, et al.*, Case No. 2:25-cv-00509-SDN (D. Me. May 20, 2026), at 2-6. Respondents may argue that there is a purported circuit split on the issue, one in which they might assert the First Circuit has not yet decided. *Id. But see Mercado v. United States*, 183 F.2d 486, 487 (1st Cir. 1950 ("[H]abeas corpus [] has

[1] Petitioner's net worth did not exceed $2,000,000 at the time he filed his Petition. *See* Declaration of Josue Padilla Posadas filed herewith as Exhibit 1.

always been regarded as a civil proceeding[.]"). In addition to this Court, four circuit courts of appeal–the Second, the Third, the Ninth, and the Tenth–have recently thoroughly analyzed and rejected precisely the arguments that habeas petitions are subject to EAJA's waiver of sovereign immunity. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 431 (3d Cir. 2026) ("[I]n context—preceded by 'any,' followed by a torts exception, and situated in a body of law where 'any civil action' includes habeas save where explicitly excluded—the EAJA's 'civil action' provision clearly covers habeas actions pursuant to 28 U.S.C. § 2241."), *rehearing en banc denied*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) ("[H]abeas is civil.... Immigration detention is an aspect of the deportation process. In turn, a deportation proceeding itself is a purely civil action. As a result, immigration detention is civil. Because both habeas and the underlying immigration proceedings are civil, habeas actions challenging immigration detention are purely civil." (internal quotation marks omitted)), *rehearing en banc denied*, No. 1:22-cv-03043, Dkt. 31 (10th Cir. Apr. 3, 2026); *Vacchio v. Ashcroft*, 404 F.3d 663, 668, 672 (2d Cir. 2005) ("[T]he EAJA term 'civil actions' includes *immigration* habeas petitions" (emphasis in original)); *In re Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985) (distinguishing challenges to criminal custody and noting that the purposes of "EAJA are served by characterizing this particular [immigration] proceeding as a civil action"). In addition to this Court, a number of judges within this District have awarded EAJA fees for immigration habeas cases. *E.g., Ndongala v. Wesling*, No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026). This Court should do the same in this case.

Congress waived government immunity for certain types of fees when it enacted EAJA. *Ardestani v. INS*, 502 U.S. 129, 137 (1991). The statute authorizes fees against the government "in any civil action (other than cases sounding in tort), including proceedings for judicial review

of agency action," subject to exceptions that do not apply here. 28 U.S.C. § 2412(d)(1)(A). EAJA does not define the phrase "civil action." The Tenth Circuit recently closely examined the definition of "civil action" and concluded that the phrase "unambiguously refers to any legal action brought to enforce a private or civil right, or to redress a private wrong." *Daley v. Ceja*, 158 F.4th 1152, 1159 (10th Cir. 2025). The court stated that:

> The common law recognizes a right of "personal liberty," defined as the right to be free from "imprisonment or restraint, unless by due course of law." 1 Blackstone, *supra,* at *130. That right is a private one because it attaches to an individual's person rather than to the public at large. *Id.* at *118. And since a wrong is "nothing else but a privation of right," 3 Blackstone, *supra,* at *2, the violation of personal liberty through unlawful detention is a private wrong. *Id.* at *127. Any action that seeks to redress this private wrong is a civil action under our construction of the EAJA. Following this logic, **the writ of habeas corpus is a civil action: it is the common law mechanism used to challenge the legality of detention and therefore to redress unlawful detentions**. *Id.* at *133; *see also* 1 Blackstone, *supra,* at *131.

*Id.* (emphasis added). The court noted that the Supreme Court itself has explained that "'[t]he writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty.'" *Id.* (quoting *Ex Parte Tom Tong*, 108 U.S. 556, 559 (1883). Numerous cases followed such that "by the time the EAJA was enacted in 1980, it is 'well settled' under Supreme Court precedent 'that habeas corpus is a civil proceeding.'" *Id.* at 1160 (quoting *Browder v. Dir., Dep't Corr. Of Ill.*, 434 U.S. 257, 269 (1978). *See also Mercado*, 183 F.2d at 487; *United States ex rel. Meadows v. New York*, 426 F.2d 1176, 1183 n. 9 (2d Cir. 1970) ("Since habeas corpus proceedings are civil in nature, they are subsumed under the phrase 'any civil action.'"); *United States ex rel. Thomas v. New Jersey*, 472 F.2d 735, 741 (3d Cir. 1973) ("Habeas corpus is a civil proceeding."); *Long v. Robinson*, 436 F.2d 1116, 1119 (4th Cir. 1971) (describing habeas corpus as a "civil process"); *Estep v. United States,* 251 F.2d 579, 581 (5th Cir. 1958) ("Habeas corpus petitions ... are, of course, civil proceedings[.]"); *Bowdidge v. Lehman,* 252 F.2d 366, 368 (6th

Cir. 1958) ("Habeas corpus is a civil proceeding[.]"); *United States ex rel. Rebenstorf v. Pate,* 417 F.2d 1222, 1225 (7th Cir. 1969) ("[T]he federal habeas corpus remedy[] is civil in nature."); *Burgess v. King,* 130 F.2d 761, 762 (8th Cir. 1942) ("Habeas corpus is in its nature a civil rather than a criminal proceeding[.]"); *Collins v. Heinze,* 217 F.2d 62, 62 (9th Cir. 1954) ("A habeas corpus proceeding is in the nature of a civil action[.]"); *Hunter v. Thomas,* 173 F.2d 810, 812 (10th Cir. 1949) ("Habeas corpus is a civil proceeding."); *Jackson v. United States,* 353 F.2d 862, 865 n.4 (D.C. Cir. 1965) ("Of course, habeas corpus is considered a civil proceeding[.]"). More recently, a litany of Courts have specifically held that habeas petitions are civil actions such that successful petitioners are eligible for EAJA fees. *E.g., Bernardo-Rodrigues v. Hyde,* No. 25-cv-0053, 2026 WL 370863, at *2 (D. Me. Feb. 10, 2026) (Walker, J.) ("I am satisfied that the proceedings on Petitioner's habeas petition amounted to both a civil action and a challenge to agency action."). *See also M.Z.H. v. Hermosillo*, No. C25-2523-KKE, 2026 WL 1579878, at *2 (W.D. Wash. June 3, 2026) ("[N]o dispute that Petitioner is the prevailing party."); *Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 752441, at *2 (D. Minn. Mar. 17, 2026) ("[P]etitioners are prevailing parties for the purposes of the statute.")

While habeas petitions that challenge criminal restraint may not be considered a civil action, a habeas proceeding challenging immigration detention is considered a civil action. *Daley*, 158 F.4th at 1162, citing *Demore v. Kim*, 538 U.S. 510, 523 (2003) (immigration detention is an "aspect of the deportation process") and *INS v. Lopez-Mendoza*, 4689 U.S. 1032, 1038 (1984) (a deportation proceeding is "a purely civil action."); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (immigration detention is civil). Accordingly, "[b]ecause both habeas and the underlying immigration proceedings are civil, habeas actions challenging immigration detention are purely civil"). *Daley*, 158 F.4th at 1162. "The EAJA authorizes the award of

attorneys' fees to petitioners who prevail against the Government in such actions." *Id.*

The *Daley* court further found that "EAJA's stated statutory purpose supports" this conclusion in part, because one of the statute's stated purposes is "to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in specified situations an award of attorney fees, expert witness fees, and other costs against the United States." 158 F.4th at 11623 (quoting Pub. L. 96-481, § 202(c), 94 Stat. 2321, 2325). As evidenced by the recent influx of habeas petitions in this Court, "[h]abeas petitions play an important role in challenging – and deterring – unlawful detention." *Id.* As here, Petitioner could not afford counsel to challenge his detention, and he is represented *pro bono*. The availability of EAJA fees supports the provision of *pro bono* services and enables legal services organizations to expand those services. *Id.* For all of the reasons cited by the Tenth Circuit in *Daley*, "[i]nterpreting the EAJA to allow fees in immigration habeas actions therefore furthers its statutory purpose." *Id.* at 1164.

In fact, the only manner to find that a habeas proceeding falls outside the ambit of "civil action" is to "overrid[e] the plain meaning of statutory text with legislative history." *Michelin*, 168 F.4th at 429. The *Michelin* court specifically chastised decisions that concluded habeas petitions were not civil actions for disregarding the evident textual meaning and constructing novel statutory interpretations as a result of legislative history. *Id.* For that reason, such decisions supporting the notion that habeas actions are not civil are legal anomalies, "for our law long has recognized that habeas 'is a civil, and not a criminal proceeding.'" *Id.* at 428 (quoting *Fisher v. Baker*, 203 U.S. 174, 181 (1906)).

In opposing an award of EAJA fees here, the government may urge the Court to follow *Obando-Segura v. Garland*, 999 F.3d 190 (4th Cir. 2021) and *Barco v. Witte*, 65 F.4th 782 (5th

Cir. 2023) and find that immigration habeas proceedings are "hybrid" and not civil for the purposes of EAJA. ECF No. 10 at 3-5. *Obando-Segura* and *Barco* do not support the government's position. *Obando-Segura* relied on two cases from the Supreme Court, *Harris v. Nelson*, 394 U.S. 286, 293-94 (1969) and *Schlanger v. Seamans*, 401 U.S. 487, 490 (1971), both of which are distinguishable. *Harris* addressed whether the Federal Rules of Civil Procedure governed and authorized discovery in habeas actions; the Court "focused on how habeas *practice* differed from general civil *practice.*" *Daley*, 158 F.4th at 1161 (discussing *Harris*). "But practice and procedure offer little insight into whether an action is civil in *nature* in the sense that it is geared to redress private wrongs." *Id. Schlanger* considered the term "civil action" in an unrelated statute, not under EAJA. 401 U.S. at 490, n. 4. "More fundamentally, there is still an overwhelming judicial consensus that habeas actions are civil actions even when considering *Harris* and *Schlanger*." *Daley,* 158 F.4th at 1161. In *Obando-Segura*, the Fourth Circuit also relied on its own decision in *O'Brien v. Moore*, 395 F.3d 499 (4th Cir. 2005). *O'Brien* is distinguishable, however, because it addressed criminal imprisonment rather than – as at issue here – civil immigration detention. Like *O'Brien*, the Fifth Circuit's decision in *Barco* is also distinguishable on the same basis in that the habeas petition at issue challenged criminal imprisonment, not civil detention. 65 F.4th at 785 & n. 1. *See Michelin*, 169 F.4th at 426–27 (addressing and rejecting the government's theory that habeas petitions are "hybrid" and describing the argument as a "dead end").

In light of the clear grounds supporting the conclusion that immigration habeas actions are civil actions within the meaning of EAJA, and the overwhelming support for this conclusion in courts around the country, the Court should reject any argument that there is any "ambiguity" that justifies strictly construing the waiver of sovereign immunity in the government's favor. *See,*

*e.g., Michelin*, 169 F.4th at 427 (finding that court decisions repudiating "centuries-long doctrine that habeas actions are civil" do not undermine the term's use under EAJA and "do not create any ambiguity."); *Daley*, 158 F.4th 1152; *Temahagari v. Bondi, et al.,* No. 25-cv-02484-LK, 2026 WL 353264 (W.D. Wash. 2026) (citing *Michelin* and *Daley*); *Maldonado Torres v. Bondi*, No. 0:26-CV-1061, 2026 WL 359901, at *1 (D. Minn. Feb. 9, 2026) ("[a] petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust"); *Martinez Gamez v. Easterwood, et al.*, 2026 WL 295400 at *5 n. 1 (D. Neb. Feb. 4, 2026) (same); *Merlo Puerto v. Leeper*, --- F. Supp. 3d ----, No. 26-CV-405, 2026 WL 1600665, at *7 (E.D.N.Y. June 4, 2026)*; Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 752441, at *2 (D. Minn. Mar. 17, 2026); *Mateo Francisco v. Dedos*, No. 1:25-CV-1229 MIS-GJF, 2026 WL 1557164, at *5; *Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005); *Orrego Orrego v. Hyde*, No. 26-cv-10260-BEM, 2026 WL 1480362, at *3 (D. Mass. May 27, 2026); *Geegbae,* 2011 WL 841237, *1*; In re Petition of Hill,* 775 F.2d 1037, 1040-41 (9th Cir. 1985)*; Oscar,* 595 F. Supp. 2d at 168.

**3. The government's position in opposing the Petition was not substantially justified.**

To preclude an award of fees under EAJA, the government bears the burden of proving that its position was "substantially justified." *See Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010); *Tang*, 689 F. Supp.2d at 214. In evaluating that question, the Court "must examine the actual merits of the government's litigation position as to both the facts and the law" and assess that position largely as a whole. *See Saysana*, 614 F.3d at 5 ("EAJA – like other fee shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line items. In other

words, in evaluating the Government's position, we must 'arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action") (internal citations omitted); *Michel v. Mayorkas*, 68 F.4th 74, 79 (1st Cir. 2023) ("We evaluate the government's pre-litigation and litigation position holistically").

Here, the government did not lose a close case. It conceded that the Court would reach the same outcome here if it followed its reasoning in its then-recent decisions that raised the same issues. ECF No. 6. Specifically, the government asserted:

> Respondents submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in *Lema Zamora v. Noem, et al.*, Civil Action No. 25-cv12750-NMG (D. Mass. Oct. 17, 2025) and *Lopez-Monteros v. Hyde, et al.*, Civil Action No. 25- cv-12629-NMG (D. Mass. Oct. 27, 2025). Should the Court follow its reasoning in *Velasco-Luis* and *Lopez-Monteros*, it would reach the same result here. Accordingly, Respondents submit that the Court may resolve this Petition without further briefing or oral argument.

*Id.* This case is no different than *Lema Zamora* and *Lopez-Monteros* and the large quantity of other decisions that this Court granted regarding individuals detained by ICE in the interior pursuant to 8 U.S.C. § 1226(a) who have been deprived of a bond hearing. This Court has held in similar cases that Respondent's position was not substantially justified. *See, e.g., Guevara Peruano*, 2026 WL 1413758 at *13; *Canel Ajbal,* No. 26-cv-10190-LTS, at *6-7; *Ndongala*, 2026 WL 1534981 at *2. It should reach the same conclusion here.

Any argument by the government to attempt to justify Petitioner's detention as mandatory pursuant to *Matter of Yajure Hurtado* can be to no avail. In response to the Petition, the government made no effort to distinguish Petitioner's case from the Court's prior decisions in which it granted habeas relief. The government also made no effort to distinguish Petitioner's case from the substantially numerous decisions from other judges within the District also finding that an individual arrested by ICE in the interior of the United States is detained pursuant to 8

U.S.C. § 1226(a) and entitled to a bond hearing. *See, e.g., Aguiriano Romero v. Hyde*, 795 F. Supp. 3d 271 (D. Mass. Aug. 19, 2025); *Gomes v. Hyde*, 804 F. Supp. 3d 265 (D. Mass. July 7, 2025).

Indeed, and crucially, in *Guerrero Orellana v. Moniz*, 813 F.Supp.3d 185, 198-99 (D. Mass. 2025), Judge Saris certified a class of individuals, which includes Petitioner, and issued a declaratory judgment that:

> members of the certified class are not subject to detention under 8 U.S.C. § 1225(b)(2). Defendants' policy of subjecting members of the certified class to detention under 8 U.S.C. § 1225(b)(2) without consideration for bond and a custody redetermination (i.e., bond) hearing is unlawful and violates the Immigration and Nationality Act and its regulations. The members of the certified class are subject to detention under 8 U.S.C. § 1226(a), including access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges. After joining the class, the member of the certified class shall remain subject to this order notwithstanding any subsequent change in their location, facility of detention, or venue of immigration proceeding.

*Id.* at 199. *See Canel Ajbal*, No. 1:26-cv-10190-LTS, at *7 (noting that all the parties in *Guerrero Orellana* were parties there – as here).

Despite the entry of this expressly clear declaratory judgment, the government was "systematically" refusing "to honor and follow" the Court's declaration. *Guerrero Orellana v. Moniz*, ECF No. 158 at 1 (Memorandum in Support of Petitioner-Plaintiff's Motion for Partial Summary Judgment and Class Certification and in Opposition to Respondents-Defendants' Motion to Dismiss) (D. Mass. Jan. 27, 2026). As Petitioner noted in *Guerrero Orellana*, "[t]here is no dispute that the Department of Justice has instructed the Immigration Judges to disregard this Court's declaration and deny bond hearings pursuant to [*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (B.I.A. 2025)]." *Id.* and ECF No. 134-1.

As this Court stated in *Canel Ajbal,* No. 1:26-cv-10190-LTS, at *8, Judge Saris "declared the law" as to the petitioner, "and her declaration governs any effort to detain [the petitioner]

under the relevant immigration statutes. It also means that the declaration binds the respondents – as well as the officials responsible for overseeing the IJ who presided over [the petitioner's] bond hearing… [T]he respondents were required to obey the law, including as declared by Judge Saris in a case to which [the petitioner] and each respondent are parties." *Id.* "Given all this, the respondents' course of action in this case has been substantially unjustified at every turn." *Id.* The same reasoning squarely applies here.

Under these circumstances, the government's litigating position here in forcing Petitioner to file a Petition to obtain a bond hearing is entirely unjustified and fees should be awarded. *See, e.g., Oscar*, 595 F. Supp. at 170 (granting fees for prevailing habeas corpus petitioner who was detained on an unreasonable reading of 8 U.S.C. § 1226(c)'s mandatory detention provision); *Geegbae*, 2011 WL 841237, at *2 (granting fees for prevailing habeas corpus petitioner whose detention was prolonged, whose removal was not reasonably foreseeable, and where the government failed to address recent case law concerning the constitutional concerns at issue).

As such, the government's litigating position does not meet basic standards of reasonableness. *Tang*, 689 F. Supp. at 214-215 ("While the substantial justification standard necessarily dilutes the court's review of the agency's action for the purposes of a fee award, that review cannot be conducted in a vacuum. It has to be placed in the context of the EAJA's remedial purposes" and "[i]f the EAJA is to mean anything in immigration cases, it must apply to the case at bar"); *U.S. v. Cacho-Bonilla*, 206 F. Supp.2d 204, 207-09 (D.P.R. 2002) (awarding fees because it was the government's burden to show "(1) that it had a reasonable basis for the facts alleged, (2) that it had a reasonable basis in law for the theories advanced, and (3) that the facts supported its theory" and it could not do so).

**B. <u>Petitioner's Requested Fees And Costs Are Reasonable</u>**

In conformance with 28 U.S.C. § 2412(d), Petitioner submits with this application the declaration of his attorney Julia Ciachurski and her appended time and expense records to demonstrate the actual time expended and cost incurred in litigating his Petition. The declaration, submitted herewith as Exhibit 2 ("Ciachurski Decl."), along with the accompanying compilation of time records, submitted herewith as Exhibit 3 ("Table of Hours"), documents in detail that the requested fees and costs are appropriate in light of the work that Attorney Ciachurski was required to expend on the case.

The proposed fee award covers 7.0 hours of time in prosecuting the petition, which included the following tasks: preparing and filing the Petition and Amended Petition; researching developments in the law; meeting with the client; reviewing the government's response; preparing and filing Petitioner's reply; and preparing this fee application. Ciachurski Decl.; Table of Hours.

Petitioner proposes an adjusted hourly rate of $275.69 for a total fee award of $1,929.83 plus $104.98 in costs. *See* Ciachurski Decl.; Table of Hours; Exhibit 4 ("Jurislink Invoices"). Although EAJA, enacted in March 1996, sets a default statutory cap of $125 per hour, that rate may be increased to account for the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii); *Castaneda-Castillo*, 723 F.3d at 76. Petitioner requests that the Court calculate the hourly rate by multiplying the EAJA's $125 per hour cap by a fraction with a denominator of 162.8 (representing the Annual Consumer Price Index for all Urban Consumers in the Boston-Cambridge-Newton, MA-NH Area for March of 1996) and with a numerator of 359.056 (representing the same Index for May 2026).[2] The resulting rate, to the nearest penny, is $275.69,

[2] Petitioner requests that the Court take judicial notice of the Annual Consumer Price

an amount that reflects the upward adjustment of the $125 cap based on the cost of living in the metropolitan region where Petitioner's attorneys are located. 28 U.S.C. § 2412(d)(2)(A). In sum, Petitioner claims 7.0 hours of attorney fees and these hours multiplied by the above rate provides for a total amount of $1,929.83. Billed at this rate, Petitioner's requested fee is reasonable. *See, e.g., Ndongala*, 2026 WL 1534981 at *4 (approving EAJA fees for 6.2 total hours of work billed at then hourly rate of $267.46 per hour adjusted for Boston-area cost of living).

## III. CONCLUSION

For all of the foregoing reasons, Petitioner Josue Padilla Posadas requests that the Court grant his application for an EAJA fee award because he is the prevailing party, the government cannot substantially justify its position throughout this litigation, there are no special circumstances that would make the award unjust, and the requested award of $1,929.83 in fees and $104.98 in costs is reasonable.

Respectfully submitted

JOSUE PADILLA POSADAS

By his attorney,

*/s/ Julia Ciachurski*
Julia Ciachurski
Political Asylum/Immigration Representation
(PAIR) Project
98 N. Washington Street, Suite 106
Boston, MA 02114
Tel: (617) 453-3216
jciachurski@pairproject.org
*Pro bono* counsel for Petitioner

Dated: August 17, 2026

---

Indices for all Urban Consumers published by the Bureau of Labor Statistics as "a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**Certificate of Service**

I, Julia Ciachurski, certify that on this 17th day of August 2026, I caused a copy of the foregoing Application to be served on Respondents' counsel via the CM/ECF platform.

*/s/ Julia Ciachurski*
Julia Ciachurski